## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES MICHAEL JONES,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1177** |
| **SELECT OILFIELD SERVICES, LLC, ET AL.,** **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Defendant Cox Operating, LLC's ("Cox") Motion for Leave to File Cross-Claim Against US Specialty Insurance Co.[1] Third-Party Defendant US Specialty Insurance Co. ("USSIC") has filed an opposition.[2] Cox has filed a reply.[3]

## LAW AND ANALYSIS

The scheduling order required cross-claims to be filed by February 8, 2021.[4] Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[5] Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6]

The Court finds there is good cause for allowing the amendment. Despite Cox's best efforts in investigating Defendant Select Oilfield Services, LLC's ("Select") marine

---

[1] R. Doc. 38.
[2] R. Doc. 40.
[3] R. Doc. 43.
[4] R. Doc. 37.
[5] Fed. R. Civ. Pro. 16(b).
[6] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

general liability underwriter for months before this motion was filed, USSIC only recently has been identified as Select's marine general liability underwriter and added as a party to this lawsuit. Allowing Cox's claim against USSIC in this action will efficiently resolve all claims arising out of the Plaintiff's alleged accident in one place.[7] Permitting Cox to file this claim will not prejudice USSIC because USSIC has been on notice of Cox's claim for months, as it is identical to Cox's cross-claim for defense, indemnity, and insurance coverage against Select, USSIC's insured. Moreover, the trial in this case has been continued to June 20, 2022, and there is ample time for discovery and no risk of delaying this proceeding because of Cox's new claim.

USSIC has provided no reason in its opposition it will be prejudiced by the amendment. Instead, in its opposition, USSIC improperly focuses its attention on the merits of Cox's proposed cross-claim. Whether or not Cox can prevail on the merits of its proposed claim is not relevant to the relief requested by Cox—permission to file its cross-claim against USSIC. Under Federal Rule of Civil Procedure 13(g) in order to sustain a cross-claim, the defendant/cross-claimant is only required to show that the co-party "may" be liable to the defendant/cross-claimant.[8]

## **CONCLUSION**

**IT IS ORDERED** that Defendant Cox Operating, LLC's Motion for Leave to File Cross-Claim Against US Specialty Insurance Co. is **GRANTED**. On or before **October**

---

[7] Courts have found such efficiency to be good cause. *See, e.g.*, *TMJ Grp., LLC v. IMCMV Holdings, Inc.*, No. CV 17-4677, 2018 WL 1182434, at *1 (E.D. La. Mar. 7, 2018); *Hume v. Consol. Grain & Barge, Inc.*, No. CV 15-0935, 2016 WL 430432, at *1 (E.D. La. Feb. 4, 2016); *Soule v. RSC Equip. Rental, Inc.*, No. CIV.A. 11-2022, 2012 WL 2579319, at *2 (E.D. La. July 3, 2012).
[8] Fed. R. Civ. Pro. 13(g).

**8, 2021**, Cox may refile its proposed pleading[9] or file a revised cross-claim against US

Specialty Insurance Co. asserting Cox's status as an additional insured.[10]

  **New Orleans, Louisiana, this 1st day of October, 2021.**

                           **SUSIE MORGAN**
                     **UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 38-4.
[10] R. Doc. 41-1 at 4.

3