UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MICHAEL JONES | CIVIL ACTION |
| v. | NO. 20-CV-1177 |
| SELECT OILFIELD SERVICES, LLC and COX OPERATING, LLC | SECTION "E"(1) |
| | JUDGE MORGAN |
| | MAGISTRATE VAN MEERVELD |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Cox Operating, LLC, who provides this Honorable Court with the following statement of undisputed material facts in support of its Motion for Summary Judgment:

1. This matter arises out of a claim for personal injuries allegedly sustained by Plaintiff, James Michael Jones, on May 21, 2017, while he was working as a vessel captain for Select on Select's lift boat the M/V SELECT 102.

2. On March 1, 2011, Select and Cox entered into an MSA, which was signed by Jeff Wallace on behalf of Cox as Cox's Head of Purchasing and Asset Procurement.

3. Cox is in the business of exploration and production of oil and gas and today, and in 2017 at the time of Mr. Jones' claimed injury, Cox owns and operates several oil and gas assets located in Eloi Bay Field and Hackberry Lake in St. Bernard Parish, Louisiana.

4. Pursuant to the MSA, Select provided Cox with the M/V SELECT 102, a liftboat owned and operated by Select, and a captain and crew, which included Plaintiff Mr. Jones, to operate the vessel and assist with Cox's operations in the Eloi Bay Field.

5. The provision of the M/V SELECT 102 and its crew are the only services Select provided to Cox in association with Cox's operations in the Eloi Bay Field at all times relevant.

6. Plaintiff, Mr. Jones, was serving as the Captain aboard the M/V SELECT 102 on May 21, 2017, while the vessel was on location servicing Cox's oil and gas production facility in the field.

7. Paragraph 8.1 of the MSA between Select and Cox addresses Select's indemnity obligations and provides:

> **8.1  Contractor Group Indemnity**
>
> **Contractor [Select] assumes full responsibility for and agrees to release, protect, defend, indemnify and hold harmless Company Group [Cox] from and against all Losses of every kind and character arising out of bodily injury, illness, death or property damage of Contractor Group, arising out of, in connection with, incident to or resulting directly or indirectly from this Agreement or the provision of any Services, Goods or Equipment provided under this Agreement, regardless of whether caused or contributed to by the sole, joint, or concurrent negligence, strict liability, or other legal fault of Company Group, or any presence on any premises owned, lease [sic], or controlled by either party or its Group, the un-seaworthiness of any vessel, the unairworthiness of any aircraft or a pre-existing condition**.

8. Paragraphs 8.6, 9.1 and Exhibit A of the MSA address Select's insurance obligations and provide that Select was obligated to procure insurance to support its indemnity obligations as well as numerous other insurance policies, which are all listed in Exhibit A of the MSA.

> **8.6  Indemnity Obligations**
>
> **The parties agree to support their indemnity obligations with insurance (or qualified self-insurance) in favor of the other party and its Group of at least the types and minimum amounts listed in Section 9 and Exhibit A. The parties agree that such insurance shall support, but not limit their indemnity obligations except to the extent mandated by applicable law.**
>
> **9.1  Minimum Insurance Required**
>
> **Contractor [Select] agrees to procure and maintain at its sole expense, with deductibles for its own account and with responsible insurance companies that are acceptable to Company [Cox] and authorized to do**

> **business in the jurisdiction in which the Services are to be performed during the entire term of this Agreement insurance of the types and amounts set forth in Exhibit "A."**

9. Select agreed in Exhibit A to the MSA to procure various insurance, including Protection and Indemnity Insurance of the type provided to Select by Intervenor, and to name Cox as an additional insured under such policies and waive all rights of subrogation in favor of Cox:

   > **Contractor [Select] shall procure at its sole expense for the duration of this Agreement the insurance policies and amounts outlined below with reliable insurers authorized to conduct business in all locales where the work is performed. Contractor [Select] agrees to have its insurance carrier furnish Company [Cox] with a certificate or certificates of insurance evidencing its coverage in accordance with the requirements set forth. For, but not to limit the liability and indemnity obligations assumed by Contractor [Select], Contractor [Select] shall cause its insurance company(s) to provide written proof that Company Group (as defined herein) [Cox] is listed as an additional insured on and provided a written waiver of subrogation in favor of Company Group [Cox].**

10. Plaintiff Mr. Jones was at all times an employee of Select and the injuries he complains of in this lawsuit were occasioned while in the course and scope of his employment with Select and in service of the vessel.

11. Mr. Jones was employed by Select as a Jones Act seaman assigned to Select's vessel under time charter to Cox.

12. Mr. Jones made a claim for maintenance and cure against his employer Select, and Intervenor admits that it had in effect a marine protection and indemnity policy pursuant to which it has paid and continues to pay Mr. Jones maintenance and cure benefits.

13. Intervenor's insurance policy includes a "Blanket" waiver of subrogation granting Select the right to name and waive in favor of Cox as it did in the MSA:

## BLANKET ADDITIONAL ASSUREDS AND WAIVERS OF SUBROGATION
### (amended 17.06.2015)

Privilege is hereby granted the Assured [Select] to name others for whom the Assured is performing work as Additional Assureds on this Policy provided the Assured shall have exercised this option prior to loss. Privilege is also granted the Assured to release from Liability others for whom the Assured is performing operations, or who are performing operations for the Assured, provided the Assured shall have exercised this option prior to loss; and these insurers *waive all rights of subrogation against any parties so released*. Any phraseology required to be incorporated in this Policy by parties favoured by the Assured shall be deemed to be incorporated herein, but to no greater extent than the privilege allowed by the above options.

Respectfully submitted

**KEAN MILLER LLP**

_____
**KAREN WATERS SHIPMAN (#27320)**
**AMANDA L. HOWARD (#32507)**
909 Poydras Street, 36th Floor
New Orleans, LA  70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3051
**Attorneys for Cox Operating, L.L.C.**